IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00294-NYW-CYC

BRUCE FIFER,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

    Defendant.
_____

**MEMORANDUM OPINION AND ORDER**
_____

Pending before the Court is the Motion for Partial Summary Judgment by Defendant Travelers Property Casualty Company of America ("Defendant" or "Travelers") ("Motion" or "Motion for Partial Summary Judgment"), [Doc. 73, filed January 31, 2025]. Plaintiff Bruce Fifer ("Plaintiff" or "Mr. Fifer") filed a Response to Defendant Travelers Property and Casualty Company of America's Motion for Partial Summary Judgment ("Opposition"), [Doc. 89], and Defendant filed a Reply in Support of Motion for Partial Summary Judgment by Defendant Travelers Property Casualty Company of America ("Reply"), [Doc. 99]. The Motion is thus ripe for review, and this Court finds that oral argument would not materially assist in the resolution of the instant Motion. Upon consideration of the Motion and related briefing, [Doc. 73; Doc. 89; Doc. 99; Doc. 101],[1] the Court respectfully **DENIES** the Motion for the reasons as set forth below.

---

[1] [Doc. 101] is an Amended Notice of Supplemental Authority in Support of Travelers' Motion for Partial Summary Judgment filed by Defendant that supersedes the original Notice of Supplemental Authority in Support of Travelers' Motion for Partial Summary

**BACKGROUND**

The following facts are drawn from the record before the Court and are undisputed unless otherwise noted. On March 18, 2019, Mr. Fifer was involved in a motor vehicle accident with a third party, Cole Jesson. [Doc. 73 at ¶ 1 (citing [Doc. 5 at ¶¶ 6–15]); Doc. 89 at 3 ¶ 1]. On or about September 14, 2020, Mr. Fifer settled with Mr. Jesson and his insurance carrier, Great West Farm Bureau, for the policy limits of $50,000 with the permission of Travelers. [Doc. 5 at ¶¶ 11–12; Doc. 14 at ¶¶ 11–12 (admitting that Defendant "granted permission to Plaintiff to settle his tort claim against Cole Jesson")]. Mr. Fifer also made a claim for underinsured motorist ("UIM") benefits under his employer's Travelers' insurance policy on the basis that he sustained injuries from the collision in excess of $50,000. [Doc. 73 at ¶ 1 (citing [Doc. 5 at ¶¶ 6–15]); Doc. 89 at 3 ¶ 1].

Plaintiff explained the medical basis for his UIM claim as follows:

> At the time of the accident, Plaintiff was . . . recovering well from a four level spinal fusion at L1-L5 that had been performed at Sky Ridge Medical Center 2.5 months before the accident. Two days after the accident, Plaintiff saw his treating spine surgeon, Dr. Michael Madsen, for lumbosacral and neck pain. Diagnostic imaging on April 10, 2019 displayed lucency around a screw-tip in the right iliac which was interpreted by the radiologist, Dr. David Solsberg, and treating surgeon, Dr. Madsen, as evidence of a newly loosened screw and aggravation of a transitional level. Dr. Madsen's records indicate loose hardware could necessitate surgery. After months of conservative care and progressively worsening symptoms, additional diagnostic imaging was performed on August 18, 2021. Dr. Solsberg and a new treating surgeon, Dr. John Barker, now observed lucency in two screws, indicating a worsening condition. Dr. Barker recommended surgery to replace and repair the hardware.

Judgment, [Doc. 100], which erroneously described the issue to which the supplemental authority is directed.

[Doc. 73 at ¶ 2 (citing [Doc. 23 at 2]); Doc. 89 at 3 ¶ 2].

After Travelers denied Mr. Fifer's claim for UIM benefits, this action followed. On December 2, 2022, Plaintiff filed a civil action alleging claims for: (1) breach of contract; (2) unreasonable delay and denial in violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 ("statutory bad faith"); and (3) common law insurance bad faith. [Doc. 5 at 5–8]. Travelers was served on January 3, 2023, [Doc. 1-2], and removed the case to the United States District Court for the District of Colorado on February 1, 2023, [Doc. 1].

Travelers now seeks partial summary judgment in its favor on both the statutory and common law bad faith claims, arguing that Plaintiff cannot carry his burden to demonstrate that Travelers had no reasonable basis for disagreeing with Plaintiff's assertion of medical causation when "the undisputed facts show that the insurance company's position finds support in a competent expert's conclusions, and the insured has not presented evidence of specific errors in the expert's analysis that would deter a reasonable insurer from relying on it." *See* [Doc. 73 at 11–19]. With respect to Plaintiff's common law bad faith claim, Travelers argues that there is a lack of any evidence that Travelers knew or recklessly disregarded that its handling of Mr. Fifer's UIM claim was unreasonable. [*Id.* at 20]. Finally, Travelers urges this Court to grant summary judgment for Plaintiff's claim for lost income because it is unsupported by admissible evidence, based on the inadmissibility of Plaintiff's economics expert, Jeffrey Opp ("Mr. Opp"). [*Id.* at 21].

In his Opposition, Mr. Fifer argues that only information that was before the insurer at the time of its claim adjustment may be considered when determining the reasonableness of an insurer's decision to deny benefits pursuant to Rule 403 of the

3

Federal Rules of Evidence and *Schultz v. Geico Casualty Co.*, 429 P.3d 844 (Colo. 2018). [Doc. 89 at 4]. As a result, Travelers may not rely on the opinions rendered by Dr. Jens-Peter Witt or Dr. James Piko, because neither was retained by Travelers until after litigation commenced on December 2, 2022. [*Id.*]. For that same reason, Mr. Fifer contends that any opinion Dr. Andrew Castro rendered after December 7, 2021 is similarly irrelevant because Travelers had already decided by December 7, 2021 that it would "defend this case" instead of continuing to investigate and adjust his UIM claim, without informing Plaintiff of such "secret denial." [*Id.*; *id.* at 3 ¶ 3]. With respect to his common law bad faith claim, Plaintiff argues that the Travelers' adjusters improperly relied upon the opinions of Dr. Bao Nguyen ("Dr. Nguyen"), who is not a neuroradiologist, but rather, a diagnostic and musculoskeletal radiologist and who rendered contradictory opinions with respect to lucency[2] around one screw and then a subsequent finding that that Plaintiff's spine hardware was loosening on both sides. [*Id.* at 8, 12 ¶¶ 8, 20, 21]. Plaintiff further contends that despite specific guidance in Travelers' Auto Knowledge Guide, the Travelers adjusters did not engage a neuroradiologist or request an Independent Medical Examination ("IME") until after Travelers' "secret denial" of Plaintiff's UIM claim on December 7, 2021, and thus, the request for an IME was made under false pretenses. [*Id.* at 9–10 ¶¶ 12–15]. Finally, Mr. Fifer contends that his claim for lost income is well supported by Mr. Opp, and regardless, Travelers' request for summary judgment in favor on his entire lost income request is overbroad. [*Id.* at 20–21].

---

[2] "Lucency" is defined as "a clear or translucent area." *See Lucency*, Dictionary.com, https://www.dictionary.com/browse/lucency (last visited August 29, 2025). Lucency can be a sign of possible loose hardware. *See Fallon v. Astrue*, No. 3:10-cv-00044-WGH-RLY, 2011 WL 304786, at *2 (S.D. Ind. Jan. 26, 2011).

4

In Reply, Travelers urges this Court to grant summary judgment in its favor on both bad faith claims based on its arguments that Mr. Fifer does not properly interpret *Schultz*; its experts remain unrebutted; Plaintiff has still failed to adduce any evidence of the requisite scienter for a common law bad faith claim; and Mr. Fifer's request for lost income fails in its entirety.  *See* [Doc. 99].

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the proper disposition of the claim."  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up).  It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial.  *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).  At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."  *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016) (quotation omitted).

To satisfy its burden at summary judgment, the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient.  *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004); *see*

5

*also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 (4th ed. May 2025 update) (explaining that the nonmovant cannot rely on "mere reargument of a party's case or a denial of an opponent's allegations" to defeat summary judgment). In considering the nonmovant's evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). Further, the Court may consider only admissible evidence, *see Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), though the evidence need not be in a form that is admissible at trial—only the substance must be admissible at trial, *see Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016). For instance, "if evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Indeed, "[t]o determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

## II. Insurance Bad Faith Claims

Colorado law provides for two types of claims based on an insurer's unreasonable conduct throughout the claims process: (1) statutory unreasonable delay or denial, and (2) common law bad faith breach of insurance contract. First, a statutory claim arises when an insurer delays or denies payment to its insured without a reasonable basis. *See* Colo. Rev. Stat. § 10-3-1115(1)(a); *Canady v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00344-RBJ, 2020 WL 376494, at *3 (D. Colo. Jan. 23, 2020). To prove a claim of

6

unreasonable delay or denial, an insured must demonstrate that: (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis. *See Am. Fam. Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018); *see also Soicher v. State Farm Mut. Auto. Ins. Co.*, 351 P.3d 559, 568 (Colo. App. 2015) (defining an unreasonable denial as "when an insurer denies a claim outright" and an unreasonable delay as "when the insurer pays on a claim but disputes the value of that claim, thereby delaying payment of the claim's full value").

Second, under Colorado law, an insurer owes its insured a "non-delegable duty of good faith and fair dealing," and the breach of that duty gives rise to a separate cause of action based in common law tort principles. *TAF, L.L.C. v. Hartford Fire Ins. Co.*, 549 F. Supp. 2d 1282, 1289 (D. Colo. 2008) (citations omitted). To establish a common law bad faith claim, the insured must demonstrate "that (1) the insurer's conduct was unreasonable, and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable." *Kisselman v. Am. Fam. Mut. Ins. Co.*, 292 P.3d 964, 970 (Colo. App. 2011) (citation omitted); *see also Soicher*, 351 P.3d at 565 (stating that "an insurer has a duty to investigate and adjust claims in good faith"). "Whether an insurer has in bad faith breached its duties to an insured is a question of reasonableness; in other words, would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances." *TAF*, 549 F. Supp. 2d at 1289 (quotation omitted); *see also Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010) (stating that "[t]he reasonableness of the insurer's conduct must be determined objectively"). Accordingly, a common law bad faith claim "requires a determination of the reasonableness of an insurance compan[y's] denial or delay in

paying a claim," and, therefore, "necessarily goes to the handling of a claim." *TAF*, 549 F. Supp. 2d at 1289.

Mr. Fifer asserts both types of bad faith claim, and Travelers seeks summary judgment on each.

## ANALYSIS

I.   **Proper Interpretation of *Schultz***

Plaintiff contends that the reasonableness of Travelers' evaluation of a UIM claim must be evaluated only on the basis of the information that was before it at the time of its denial. [Doc. 89 at 4]. Defendant insists that *Schultz* only applies to the discovery context, [Doc. 99 at 6–7], and because Mr. Fifer seeks relief for breach of contract, Travelers can necessarily rely on its post-litigation experts for the purpose of rebutting Plaintiff's bad faith claims, [*id.* at 9–10]. Each Party relies on *Schultz*, and thus, the Court begins by pausing briefly on the proper interpretation of *Schultz*.

In *Schultz*, the Colorado Supreme Court—relying on long-standing precedent—clearly stated that "[a]n insurer's decision to deny benefits to its insured must be evaluated based on the information before the insurer at the time of that decision." *Schultz*, 429 P.3d at 847 (quoting *State Farm Mut. Auto. Ins. Co. v. Reyher*, 266 P.3d 383, 390 (Colo. 2011)). It then explained, "[t]hus, in defending against a bad faith claim by attempting to show that it acted reasonably, an insurer may present *all of the information that it considered at the time it made the decision to delay or deny the claim*." *Id.* (emphasis added). In affirming the denial of an IME of the plaintiff, the *Schultz* court observed that the insurer had not shown that newly developed medical evidence would be relevant to

8

the question of what the insurer knew "*when it made its coverage decision in the case*."
*Id.* at 849 (emphasis added).

Insofar as Defendant relies on this Court's decision in *Rowell v. Northwestern Mutual Life Insurance Co.*, No. 21-cv-00098-PAB-NYW, 2021 WL 5072064 (D. Colo. Aug. 23, 2021), to suggest that *Schultz* is somehow cabined to the discovery context or does not apply to bad faith claims when there is also a breach of contract claim, *see* [Doc. 99 at 6], Travelers fundamentally misreads this Court's decision.  In *Rowell*, this Court considered whether the limit discovery and expressly contrasted bad faith and breach of contract claims:

> *Unlike [Plaintiff's] second cause of action for bad faith breach of an insurance contract*, the question of reasonableness is not an element of a breach of contract claim, or more importantly in this case, whether the suicide policy limitation applies.  Thus, as it and other courts have found before, an insurer's failure to seek certain information during the adjustment of a claim *does not necessarily form a bar to further discovery once litigation commences for breach of contract*.

*Rowell*, 2021 WL 5072064, at *5 (emphasis added).  But in no way did this Court hold—or even suggest—that *Schultz* only applied to discovery determinations or that all post-litigation expert evidence was necessarily admissible to establish reasonableness for the purposes of bad faith claims.  Instead, Travelers' argument repeatedly conflates evidence that may be admissible for breach of contract purposes with evidence that may be admissible for bad faith purposes.

But this Court also respectfully rejects Mr. Fifer's contention that any opinion elicited from an expert retained after litigation commences is necessarily precluded from consideration for the purposes of bad faith claims.  As Travelers points out, in *Peiffer v. State Farm Mutual Automobile Insurance Co.*, the trial court excluded the testimony of

9

the testimony of a neuropsychologist who had examined plaintiff's medical and psychological records after the litigation had begun and three specialists who had performed IMEs on plaintiff before the benefits were denied. 940 P.2d 967, 970 (Colo. App. 1996). While the Colorado Court of Appeals held that "[a]n insurer's decision to deny benefits to its insured must be evaluated based on the information before the insurer at the time of that decision," it held that the trial court had erred in excluding the neuropsychologist retained after the inception of litigation because his opinion relied upon information that was available to the insurer prior to the benefits determination. *Id.* at 970–71. Courts in this District have interpreted *Peiffer* to hold that a post-litigation expert opinion that focuses only upon records that were already before the insurer when it made its coverage determination may be admissible to establish reasonableness. *See, e.g.*, *Hampden Auto Body Co. v. Owners Ins. Co.*, No. 17-cv-01894-WJM-SKC, 2020 WL 6511956, at *5 (D. Colo. Nov. 5, 2020); *Palmer v. Owners Ins. Co.*, No. 18-cv-01953-JLK, 2019 WL 7290935, at *2–3 (D. Colo. Nov. 6, 2019).

## II.     Plaintiff's Bad Faith Claims

To that end, Travelers argues that Drs. Witt and Piko only rely upon past evidence to render their opinions in support of Travelers' coverage determination and do not create "new evidence."[3]  [Doc. 99 at 9]. Thus, the argument goes, because Mr. Fifer has not

---

[3] Neither Party addresses the opinions of Defendant's experts with specificity; rather, they treat them whole cloth. This Court respectfully declines to craft arguments for more precise admissibility rulings for either Party, particularly given that each side has been represented by able counsel since the inception of this case. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants); *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself.").

10

designated any rebuttal experts, the reasonableness of Travelers' denial is conceded because Travelers properly relied upon the medical evidence before it.  [*Id.* at 9–10].  Travelers also points out that Plaintiff's own medical expert, Dr. Barker, "testified under oath [that] he saw no reason for Travelers not to rely on the medical opinions of Dr. Castro and Dr. Witt." [*Id.* at 11].  This Court respectfully disagrees that Defendant has carried its burden to establish that it is entitled to judgment as a matter of law with respect to Mr. Fifer's bad faith claims.

Travelers argues that Plaintiff has failed to adduce facts showing that Defendant acted unreasonably.  [Doc. 101].  It is true that the United States Court of Appeals for the Tenth Circuit has held that summary judgment is proper when a plaintiff presents no evidence of an industry standard that suggests an insurer acted unreasonably.  *El Dueno, LLC v. Mid-Century Ins. Co.*, No. 24-1110, 2025 WL 1540329, *4 (10th Cir. May 30, 2025).  But here, Travelers does not argue Mr. Fifer's lack of evidence regarding industry standards as a basis for partial summary judgment—indeed, the briefing is entirely devoid of the term "industry standard."  *See generally* [Doc. 73; Doc. 99].  Travelers has also presented no evidence that its alleged conduct during the adjustment of Mr. Fifer's UIM claim conformed to industry standards.  *See Jewell v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-02536-KLM, 2020 WL 1627348, at *5 (D. Colo. Feb. 26, 2020) ("Defendant here had the initial burden in the [motion for summary judgment] of either (1) providing evidence that Defendant complied with industry standards applicable to the facts of this case, or (2) pointing out that Plaintiff lacked evidence of an objective industry standard applicable to the facts of this case showing that Defendant acted unreasonably.  Defendant failed to do so.").

Here, Mr. Fifer has adduced facts to support his argument that Travelers' adjuster admitted that she: (1) failed to follow Travelers' own internal claims handling policies regarding peer review, [Doc. 89 at 9–10 ¶¶ 12–15]; (2) knowingly relied upon Dr. Nguyen despite being aware that he was not a neuroradiologist and having been advised by Mr. Fifer's treating physician that "a radiologist is not qualified to address the condition of spine, the hardware & the possible need for surgical intervention," [*id.* at 10–11, 14 ¶¶ 15–19, 25]; (3) failed to adequately perceive and follow up on inconsistencies between Dr. Nguyen's various reports, [*id.* at 12–14 ¶¶ 20–26]; (4) failed to contact Mr. Fifer's treating physicians to reconcile the difference of opinion between them and Dr. Nguyen, despite not knowing who was correct, [*id.* at ¶¶ 27–29]; and (5) demanded that Mr. Fifer submit to an IME in any case, even though she had already determined that the claim should be denied, [*id.* at 11 ¶ 18].[4] Courts in this District have recognized that an insurer's internal guidelines may reflect industry standards, *see Montmeny v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-03378-WJM-SKC, 2022 WL 1746901, at *5 (D. Colo. May 31, 2022), and conversely, violation of an insurer's internal guidelines may be unreasonable.

Based on the record before it and construing all inferences in favor of Plaintiff, this Court finds Mr. Fifer has adduced sufficient facts to create a genuine issue of whether Travelers simply ignored evidence supporting his claims and whether its investigation was

---

[4] Travelers "chooses not to dispute the factuality of Plaintiff's allegations in his 'Statement of Additional Undisputed Material Facts.' (Resp. 5–16.)," [Doc. 99 at 4], but any dispute would not change the outcome of the analysis. At summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

reasonably framed and investigated.[5]  *Baker v. Allied Prop. & Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1112 (D. Colo. 2013), *as amended* (June 12, 2013).  Accordingly, Defendant's Motion for Partial Summary Judgment with respect to Plaintiff's bad faith claims is respectfully **DENIED**.

### III.    Request for Lost Income

Travelers moves for summary judgment on Mr. Fifer's request for lost income, solely premised on its argument that Plaintiff's expert testimony from Mr. Opp is inadmissible under Rule 702 of the Federal Rules of Evidence. [Doc. 73 at 21–22; Doc. 99 at 12].  The Court denied Travelers' Amended Motion to Exclude Opinions of Jeffrey Opp Pursuant to Federal Rule of Evidence 702 by Defendant Travelers Property Casualty Company of America on August 21, 2025.  [Doc. 102].  Accordingly, this Court finds that Travelers has failed to carry its burden as to Mr. Fifer's request for lost income and Defendant's Motion for Partial Summary Judgment is respectfully **DENIED**.

### CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Motion for Partial Summary Judgment by Defendant Travelers Property Casualty Company of America [Doc. 73] is **DENIED**; and

(2)   A telephonic Status Conference is **SET** for **October 15, 2025** at **1:00pm**, for purposes of setting the trial date and Final Pretrial/Trial Preparation

---

[5] To the extent that Travelers suggests that Plaintiff's common law bad faith claim cannot survive because Plaintiff did not point to any evidence that Travelers *knew* it was unreasonable to believe its experts at the time Travelers relied on their opinions, [Doc. 73 at 20–21; Doc. 99 at 11–12], the Court notes that the proper standard is whether Travelers acted with knowledge *or with reckless disregard* of the validity of Mr. Fifer's claim.  *See Kisselman*, 292 P.3d at 970.

Conference. The Parties shall participate using the following dial-in information: **571-353-2301; Access Code: 783456347**.

DATED:  September 2, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge